

**United States Department of Justice**

*United States Attorney*
*Northern District of New York*

| | |
|---|---|
| *100 South Clinton Street, P.O. Box 7198* | *Tel.: (315) 448-0672* |
| *James M. Hanley Federal Building* | *Fax: (315) 448-0646* |
| *Syracuse, New York 13261-7198* | |

March 27, 2024

Hon. Christian F. Hummel
U.S. Magistrate Judge
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, New York 12207

    Re:  ***Tangorre v. Victim*: Request to Seal**
        Civil Action No. 1:24-cv-00388 (MAD/CFH)

Dear Judge Hummel:

  Pursuant to Local Rule 5.3, the United States respectfully requests permission to file under seal Notice of Removal Exhibit B and Complaint Exhibits 1, 2, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14 and 15 in the above-captioned matter and that documents filed pertaining to the current Defendant be filed using a pseudonym. At the outset, the United States understands—and is cognizant of—the presumption of open access to Court records. However, the United States raises this request because of the circumstances of this case, the graphic and vulgar nature of the underlying documents, and the privacy interest of the currently named individual Defendant.

  First, as to the sealing request, both Notice of Removal Exhibit B and its Exhibits contain gratuitous but graphic communications between the currently named individual Defendant, who alleged that she was a victim of sexual assault by the Plaintiff.[1] *Mirlis v. Greer*, 952 F.3d 51 (2d Cir. 2020) (considering several factors, including motives for making information public and harm to the individual seeking to avoid public disclosure). While the Defendant's most serious allegations against the Plaintiff were not adopted by an U.S. Army Criminal Investigations Division investigation, the United States believes that the fact that Defendant reported a sexual assault implicates the Local Rules pertaining to the sealing of information regarding sexual assault victims. Accordingly, the United States' requests that the above-referenced Exhibits be filed under seal pursuant to Local Rule 5.2(a)(6) and General Order 22 ¶ 11.2(f). Under Local Rule 5.3(a), "[a] party seeking to have a document, a portion of a document, a party or an entire case sealed bears the burden of filing an application setting forth the reason(s) that the referenced material should be sealed under the governing legal standard." L.R. 5.3(a). According to Local Rule 5.2(a)(6), "If the involvement of a sexual assault victim must be mentioned, use only information

---

[1] Plaintiff's Verified Complaint quotes text messages he sent to Defendant with the following assertions: (1) "I raped you"; (2) "I pushed and pushed"; (3) "I took advantage of you"; and (4) "I just wanted something to happen between us." Verif. Compl. at 52 & Exh. **"15"**.

Letter to Hon. Christian F. Hummel
*Tangorre v. Victim*
Civil Action No. 1:24-cv-00388 (MAD/CFH)
March 27, 2024
Page 2

that does not tend to identify the victim(s) of sexual assault…" Consistent with these rules, and considering the privacy interests of Defendant, it is respectfully submitted that these exhibits should be filed under seal in order to keep them confidential.

While this request may not fit squarely within Local Rules 5.2 and 5.3, this Office presents this request in the interest of the improperly named individual Defendant's privacy, and also notes the improperly named individual defendant will become a non-party should the United States' motion for substitution be granted. *Compare Mirlis*, 952 F.3d 51 (noting sealing was allowed for minor victim of sexual abuse) *and Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008) (noting privacy interests in connection with use of pseudonym in a sealed case) *with Cremeans v. Miller*, 2022 WL 7286974, at *4 (N.D.N.Y. Aug. 24, 2022) (allowing redaction in lieu of sealing).[2]  Specifically, as to the pseudonym request, while an individual—who reported a sexual assault—is currently named in the Complaint, the United States will be moving to substitute into the case as a Defendant pursuant to a certification issued by the United States Attorney for the Northern District of New York.  Therefore, this Office respectfully submits that the improperly named individual Defendant be allowed to be filed under a pseudonym, and in performing the analysis of the individual defendant's privacy interests, this office respectfully submits the currently-named Defendant should be analyzed as a non-party insofar as the United States will be moving to substitute in as a Defendant in this case. *Sealed Plaintiff*, 537 F.3d 185.

A proposed sealing order is attached.  Notice of Removal Exhibit B and Complaint Exhibits 1, 2, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14 and 15 will be submitted to the Court separately for review via the Court's email address listed in Section 8.2 of General Order 22 (NYND_CFH_ECF_NOTICES@nynd.uscourts.gov).  Alternatively, the United States would respectfully request a conference if the Court wishes to discuss the sealing request further.

Thank you for your consideration of this request.

                        CARLA B. FREEDMAN
                        United States Attorney

By:    s/ David M. Katz
        David M. Katz
        Assistant United States Attorney
        Bar Roll No. 700065

---

[2] Indeed, similar requests have been granted pursuant to former local rule 8.1, commonly in the context of *habeas corpus* petitions.  *E.g.*, *Riley v. Chappius*, 2015 WL 1391267 (N.D.N.Y. Nov. 16, 2015); *Hill v. Colvin*, 2018 WL 736013 (N.D.N.Y. Feb. 6, 2018).

Letter to Hon. Christian F. Hummel
*Tangorre v. Victim*
Civil Action No. 1:24-cv-00388 (MAD/CFH)
March 27, 2024
Page 3

    and

    John D. Hoggan, Jr.
    Assistant United States Attorney
    Bar Roll No. 511254

Letter to Hon. Christian F. Hummel
*Tangorre v. Victim*
Civil Action No. 1:24-cv-00388 (MAD/CFH)
March 27, 2024
Page 4

                        and

cc:     Attorney for Plaintiff