

**United States Department of Justice**

*United States Attorney*
*Northern District of New York*

---

*100 South Clinton Street, P.O. Box 7198*     *Tel.: (315) 448-0672*
*James M. Hanley Federal Building*           *Fax: (315) 448-0646*
*Syracuse, New York 13261-7198*

June 14, 2024

Hon. Mae A. D'Agostino
U.S. District Judge
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, New York 12207

      Re:    ***Tangorre v. Victim***
                Civil Action No. 1:24-cv-00388 (MAD/CFH)

Dear Judge D'Agostino:

      This office represents the United States in this matter. The United States has just filed its reply papers associated with its pending motion for substitution and dismissal. The papers include a redacted exhibit. One set of redactions ("[VICTIM]") pertains to Defendant's identity. Those redactions are consistent with this Court's prior Text Order. *See* Dkt. # 20. The second set of redactions pertain ("[NON PARTY]") to a non-party whose name is included in the same set of disciplinary charges brought against Plaintiff pertaining to [VICTIM]. The United States writes to explain the "[NON PARTY]" redactions.

      According to Local Rule 5.2(a)(6), "If the involvement of a sexual assault victim must be mentioned, use only information that does not tend to identify the victim(s) of sexual assault…" Accordingly, this Office made these redactions in the interest of non party's privacy. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008) (noting privacy interests in connection with use of pseudonym in a sealed case) *with Cremeans v. Miller*, 2022 WL 7286974, at *4 (N.D.N.Y. Aug. 24, 2022) (allowing redaction in lieu of sealing).[1] Specifically, the United States believes redaction is appropriate because the exhibit states Plaintiff "sexually harass[ed] and coerc[ed] [NON PARTY] to engage in a sexual act" and further states Plaintiff "on numerous occasions cause[d] [NON PARTY] to touch [Plaintiff's] penis with her hand," and "by penetrating her vulva with your penis" "with the intent to gratify the sexual desires of [Plaintiff], by placing [NON PARTY] in fear." *See* Reply MOL, Exh. **"1"**, at 4–5.

      In light of the nature of the matters discussed in Reply Exhibit No. 1, the United States has complied with Local Rule 5.2(a)(6). We have provided an unredacted copy of the exhibit to Plaintiff's counsel.

---

[1] Indeed, similar requests have been granted pursuant to former local rule 8.1, commonly in the context of *habeas corpus* petitions. *E.g.*, *Riley v. Chappius*, 2015 WL 1391267 (N.D.N.Y. Nov. 16, 2015); *Hill v. Colvin*, 2018 WL 736013 (N.D.N.Y. Feb. 6, 2018).

Letter to Hon. Mae A. D'Agostino
*Tangorre v. Victim*
Civil Action No. 1:24-cv-00388 (MAD/CFH)
June 14, 2024
Page 2

                                                      Respectfully submitted,

                                                      CARLA B. FREEDMAN
                                                      United States Attorney

                         By:        s/ David M. Katz
                                                        David M. Katz
                                                        Assistant United States Attorney
                                                        Bar Roll No. 700065

                                                           and

                                                      John D. Hoggan, Jr.
                                                      Assistant United States Attorney
                                                       Bar Roll No. 511254

cc:       Attorney for Plaintiff